ACCEPTED
03-15-00127-CR
5646314
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/11/2015 4:42:28 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00127-CR

IN THE COURT OF APPEALS

OF THE THIRD DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/11/2015 4:42:28 PM
JEFFREY D. KYLE
Clerk

AARON JOSEPH HOES,
Appellant

v.

THE STATE OF TEXAS
Appellee

Appeal in Cause No. CR01167 in the
33rd Judicial District Court of Blanco County, Texas

## Brief For Appellee

OFFICE OF DISTRICT ATTORNEY
33RD and 424th JUDICIAL DISTRICTS
Wiley B. McAfee, District Attorney
P. O. Box 725, Llano, Texas 78643
Telephone       Telecopier
(325) 247-5755     (325) 247-5274
g.bunyard@co.llano.tx.us

By: Gary W. Bunyard
    Assistant District Attorney
    State Bar No. 03353500
    ATTORNEY FOR APPELLEE

June 11, 2015

*Oral Argument Waived*

## *Identity Of The Parties*

Trial Court

    Honorable J. Allan Garrett
    33rd Judicial District
    Burnet County Courthouse Annex (North)
    1701 East Polk St., Suite 74
    Burnet, TX 78611

State/Appellee

    Perry Thomas                                  (Trial Counsel)
    First Assistant District Attorney
    P. O. Box 725
    Llano, Texas 78643
    (325) 247-5755
    State Bar No. 19849120

    Anthony J. Dodson                          (Trial Counsel)
    Assistant District Attorney
    P. O. Box 725
    Llano, Texas 78643
    (325) 247-5755
    State Bar No. 05927200

    Gary W. Bunyard                           (Appellate Counsel)
    Assistant District Attorney
    P. O. Box 725
    Llano, Texas 78643
    (325) 247-5755
    State Bar No. 03353500
    g.bunyard@co.llano.tx.us

Appellant

Thomas M. Felps                                    (Trial Counsel)
Attorney at Law
P.O. Box 442
Johnson City, TX 78636
(830) 868-7106
State Bar No. 06889700


Alice E. Price                                     (Appellate Counsel)
Attorney at Law
408 South Liveoak
Lampasas, TX 76550
(512) 556-4777
State Bar No. 00786177
apgregg50@hotmail.com


Aaron Joseph Hoes                                  (Appellant)
TDCJ #01987824
SID #06270672
Garza East/Chasefield Wilderness Unit
4304 Highway 202
Beeville, TX 78102-8981

# Table Of Contents

                                                                        Page

Index of Authorities.................................................................... vi

Statement of the Case.................................................................. 1

Statement on Oral Argument......................................................... 1

Response to Issues Presented......................................................... 2

Statement of the Facts................................................................. 3

Summary of the Argument - Response to Issue No. 1................. 6

    1.a.    Bobby Humphrey had sufficient use and contact with
           the tractor to be able to render an opinion as to value.

    1.b.    Bobby Humphrey had a greater right of possession to the
           tractor than that of Appellant and as such would be an
           owner of the tractor.

    1.c.    A rational jury could have found beyond a reasonable doubt
           that the value of the tractor was $1,500 or more but less
           than $20,000 based on the testimony of Bobby Humphrey.

Argument on Response to Issue No. 1

    1.1    Standard of Review......................................................... 8

    1.2    Applicable Facts.............................................................. 9

    1.3    Discussion and Conclusion............................................ 11

Prayer for Relief...................................................................... 13

Certificate of Word Count........................................................ 13

Certificate of Service............................................................... 14

# Index Of Authorities

Case Law                                                                                          Page

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)..............          8

*Brown v. State*, 333 S.W.3d 606 (Tex. App.—
    Dallas 2009, no pet.).................................................................          8

*Griffith v. State*, 976 S.W.2d 686 (Tex. App.--
    Tyler 1997, pet. ref'd).................................................................          9

*Hooper v. State*, 214 S.W.3d 9 (Tex. Crim. App. 2007)................          8

*Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781,
    61 L. Ed. 2d 560 (1979)).........................................................          8

*Keeton v. State*, 803 S.W.2d 304 (Tex. Crim. App. 1991)..............          8

*Penagraph v. State*, 623 S.W.2d 341 (Tex. Crim. App. 1981).......          9

*Sharp v. State*, 707 S.W.2d 611(Tex. Crim. App. 1986)..............          9


Constitutions

None Cited.


Statutes/Rules

Tex. Penal Code Sec. 1.07 (a)(35).............................................          9

## *Statement Of The Case*

Appellant has adequately described the Statement of the Case.

## *Statement on Oral Argument*

The undersigned waives Oral Argument. Appellant has waived Oral Argument and the undersigned does not believe that Oral Argument will be beneficial for this case for the reason that the issues are straight forward and lack any novel or complex nuances. Should the Court believe that Oral Argument will assist the Court in any way, the undersigned will gladly accommodate the Court.

## *Response To Issues Presented*

Response To Issue 1:

    1.a.    Bobby Humphrey had sufficient use and contact with the tractor to be able to render an opinion as to value.

    1.b.    Bobby Humphrey had a greater right of possession to the tractor than that of Appellant and as such would be an owner of the tractor.

    1.c.    A rational jury could have found beyond a reasonable doubt that the value of the tractor was $1,500 or more but less than $20,000 based on the testimony of Bobby Humphrey .

## Statement Of The Facts

Appellant has not fully described the facts of this case under the requirements of Texas Rules of Appellate Procedure 38.1 (g).

In April 2013 Mr. Erwin Sultemeier was the owner of a 1979 Massey Ferguson Model 245 tractor.   RR Vol. 2 Pages 75, 77, 119 - 120.   Mr. Sultemeier's son-in-law, Bobby Humphrey, helped Mr. Sultemeier in performing tasks on the Sultemeier farm and ranch.   RR Vol. 2 Pages 74 - 75.   On April 3, 2013, Mr. Humphrey last used the tractor and then stored the tractor by the barn by the old house.  RR Vol. 2 Page 75.   On April 5, 2013, Mr. Humphrey observed the gate at the road to the old house to be open when it should not have been and heavy ruts in the road.  RR Vol. 2 Page 76.   Checking the property further, Mr. Humphrey discovered that the tractor and a lowboy trailer to be missing.   RR Vol. 2 Pages 76 - 77.  Mr. Humphrey, who had personally operated the tractor at the Sultemeier farm and ranch for many years, testified at Appellant's trial that the tractor was worth approximately $7,500.   RR Vol. 2 Pages 75, 77.   Mr. Humphrey further testified that the value of Mr. Sultemeier's tractor was more than $1,500 but was less than $20,000.   RR Vol. 2 Pages 77 - 78.

In July 2013 Hays County Sheriff's Deputy Troy Mayes conducted a traffic stop of a heavy duty pickup being driven by Appellant pulling a trailer with a tractor on the trailer. RR Vol. 2 Pages 91 - 93. The passenger of the pickup was identified as Laurie Chase. RR Vol. 2 Page 93. Further investigation showed that the VIN number on the tractor in Appellant's possession matched the VIN number of the tractor stolen from Mr. Sultemeier. RR Vol. 2 Page 97. When questioned about the tractor, Appellant told Deputy Mayes that Appellant had purchased the tractor and produced a Bill of Sale. RR Vol. 2 Page 96.

During the investigation Hays County Detective Brad Doring arrived. At that time Detective Doring was part of a multicounty auto theft task force. RR Vol. 2 Page 102. Detective Doring inspected the tractor and found it odd that there were no stickers on the tractor, that the tractor was too clean for its age, and it appeared that the tractor was recently painted in a "homemade" fashion. RR Vol. 2 Pages 103 - 104. Detective Doring noticed that the Bill of Sale presented by Appellant was dated January 2, 2013, which was a date prior to the date that the tractor was stolen from Mr. Sultemeier. RR Vol. 2 Page 114 - 115. Detective Doring was unable to locate the seller named on the Bill of Sale. RR Vol. 2 Page 113 - 114. Detective Doring testified that he was personally familiar with the handwriting of both

4

Appellant and his passenger, Ms. Chase.   RR Vol. 2 Pages 116 - 117.   It was the opinion of Detective Doring that Ms. Chase was the author of the Bill of Sale.   RR Vol. 2 Page 117.

Appellant took the stand in the defense case-in-chief.   Appellant denied that he was guilty of the offense charged.   RR Vol. 2 Page 128.   Appellant testified that he purchased the tractor off of Craigslist sometime in March/April 2013 for $4,000. RR Vol. 2 Page 133.

## Summary Of The Argument on
## Response to Issue No. 1

1.a.  Bobby Humphrey had sufficient use and contact with the tractor to be able to render an opinion as to value.

1.b.  Bobby Humphrey had a greater right of possession to the tractor than that of Appellant and as such would be an owner of the tractor.

1.c.  A rational jury could have found beyond a reasonable doubt that the value of the tractor was $1,500 or more but less than $20,000 based on the testimony of Bobby Humphrey .

Appellant complains that there is no evidence that the tractor was worth $1,500 or more but less than $20,000 and as such there is insufficient evidence to support the State Jail Felony offense of Theft.   In particular, Appellant complains that a "non-owner" of property can not testify about the value of property owned by another unless the basis for the opinion of the "non-owner" has been established. However, there was evidence related to valuation of the property from a witness who had substantial, long term use of the property and who had actual care, custody,

6

and control over the property prior to it being stolen. The evidence described was not challenged or impeached to any degree. Being the ultimate trier of fact, the jury could rationally find beyond a reasonable doubt that the value of the property stolen was $1,500 or more but less than $20,000.

## Argument On Response to Issue No. 1

### 1.1 Standard of Review

In evaluating legal sufficiency of the evidence, reviewing courts look at all evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found guilt beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)); *Brown v. State*, 333 S.W.3d 606, 608 (Tex. App.—Dallas 2009, no pet.).

Legal sufficiency is examined under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318-19).

Fair market value of property may be proven in a variety of ways, including the opinion of the owner and the opinion of a non-owner expert opinion. *Keeton v. State*, 803 S.W.2d 304 (Tex. Crim. App. 1991).

"Owner" is defined as a person who (A) has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor; or (B) is a holder in due course of a negotiable instrument. Tex. Penal Code Sec. 1.07 (a)(35).

In addition, when it comes to witness credibility and the weight to be given a witness's testimony, the jury is the exclusive judge. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). The jury may believe all, some, or none of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). The jury may use common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence. *Griffith v. State*, 976 S.W.2d 686, 690 (Tex. App.--Tyler 1997, pet. ref'd).

## 1.2 Applicable Facts

In this case, Bobby Humphrey is the son-in-law of Erwin Sultemeier, the owner of the stolen tractor. RR Vol. 2 Pages 74 - 75, 77, 119 - 120. Bobby Humphrey was familiar with the history of the tractor beginning from when Mr. Sultemeier's

brother bought the tractor new in 1979.   RR Vol. 2 Page 77.   Bobby Humphrey personally used the tractor on a regular basis for many years.   RR Vol. 2 Page 75. Around the time that the tractor was stolen Bobby Humphrey was in fact exercising care, custody, and control over the tractor in that he used the tractor on a regular basis and, in this particular instance, stored the tractor in a shed next to the old house once he was finished with the tractor for that day.   RR Vol. 2 Pages 75, 77.   It was Bobby Humphrey and his son who later discovered that the tractor was missing. RR Vol. 2 Pages 76 - 77.

At trial Bobby Humphrey testified that in his opinion the tractor was worth $7,500.   RR Vol. 2 Page 77.   Additionally, Bobby Humphrey testified that the value of the tractor was more than $1,500 but less than $20,000.   RR Vol. 2 Pages 77 - 78.

In his defense, Appellant took the stand and testified that he bought the tractor sometime in March/April for $4,000 and presented a Bill of Sale to Det. Doring that contained the tractor's VIN number and was dated January 2, 2013.   RR Vol. 2 Pages 114, 133.

Prior to deliberation, the trial court instructed the jury as to the definition of the word "value". CR Vol. 1 Pages 91 - 95. The trial court instructed the jury that:

"Value" means the fair market value of the property at the time and place of the offense, or if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft.

*Id.*

The trial court also instructed the jury as to the definition of the term "owner" as follows:

"Owner" means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the defendant.

CR Vol. 1 Pages 91 - 95.

### 1.3  Discussion and Conclusion

The value opinion given by Bobby Humphrey was legally sufficient to justify the verdict of the jury. While not named as the owner of the tractor in the Indictment, Bobby Humphrey met the definition of "owner" in that he had a greater right of possession to the tractor than that of Appellant. Bobby Humphrey had substantial knowledge of the history and condition of the tractor. Appellant's trial counsel never objected to the qualifications of Bobby Humphrey to give an opinion as to the value of the tractor nor did counsel make any attempt to cross-examine Bobby

11

Humphrey on how Mr. Humphrey arrived at this opinion. Not only did Bobby Humphrey give an opinion as to a specific value but he also gave an opinion that the value of the tractor was greater than $1,500 but not as much as $20,000. The only other testimony given as to value was the Appellant's own testimony, that he bought the tractor for $4,000. There was no mention of the issue of value by Appellant's trial counsel at closing arguments. A rational jury could very well conclude from this evidence, beyond a reasonable doubt, using their common sense and application of common knowledge, observation, and experience gained in the ordinary affairs of life, that the value of the tractor, as the term "value" was defined in the Court's Charge, was $1,500 or more but less than $20,000.

In as much as Appellant does not challenge on appeal any other issue the judgment and sentence entered by the trial court should be affirmed.

## *Prayer For Relief*

Wherefore, Appellee prays the Court deny the relief requested by Appellant and affirm the judgment and sentence of the trial court.

Respectfully submitted,

OFFICE OF DISTRICT ATTORNEY
33RD and 424th JUDICIAL DISTRICTS
Wiley B. McAfee, District Attorney
P. O. Box 725
Llano, Texas 78643

| Telephone | Telecopier |
|---|---|
| (325) 247-5755 | (325) 247-5274 |

By: _____

Gary W. Bunyard
Assistant District Attorney
State Bar No. 03353500
g.bunyard@co.llano.tx.us
ATTORNEY FOR APPELLEE

## CERTIFICATE OF WORD COUNT

This is to certify that the pertinent portion of this brief contains 1,778 words printed in Aldine401 BT 14 font.

Gary W. Bunyard
Assistant District Attorney

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the above and foregoing instrument, together with this proof of service hereof, has been forwarded by EServe and by email on the 11th day of June 2015, to Ms. Alice E. Price, Attorney for Appellant, at apgregg50@hotmail.com.

Gary W. Bunyard
Assistant District Attorney